ADAM A.F. GUSTAFSON
Principal Deputy Assistant Attorney General
Environment & Natural Resources Division

ERIKA DANIELLE NORMAN (CA Bar No. 268425)
Senior Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 532-3143
(202) 305-0506 (fax)
Erika.norman@usdoj.gov

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| KLAMATH FOREST ALLIANCE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> TARA JONES, in her official capacity as District Ranger of the Weaverville Ranger District, *et al.*, <br><br> Defendants. | Case No. 2:25-cv-03424-DMC <br><br> **DECLARATION OF KORI KELLY** |

I, Kori Kelly, in accordance with the requirements of 28 U.S.C. § 1746 declare:

1. I am the Contracting Officer for the Shasta-Trinity National Forest ("Forest"), a position I have been in since September of 2021. I have worked for the U.S. Forest Service for over twenty years, starting in Timber Sale Preparation on the Lassen National Forest; as a Certified Sale Administrator and Forest Service Representative on the Klamath National Forest; as a Timber Contracting Officer on the Klamath and Six Rivers National Forests; and finally as a Timber Contracting Officer on the Shasta-Trinity and Mendocino National Forests.

2. I serve as the Timber Contracting Officer for the Forest, and by extension the Rainier Timber Sale and Long Canyon Timber Sale. My relevant duties include oversight of timber sales from award to sale closure, ensuring compliance with contract provisions, and receiving and settling all claims against the government from a purchaser relating to the contract within the specified limitations in the designation of contracting authority.

3. The Rainier Timber Sale and Long Canyon Timber Sale are authorized by Forest Service Chief Tom Schultz under the October 15, 2025 North Trinity emergency response decision memorandum and located within its analysis area, along roads managed by Trinity County and the Forest Service near several rural communities in northern Trinity County, California.

4. Rainier Timber Sale is a commercial timber sale awarded to Sierra Pacific Industries on November 3, 2025, that covers 225.9 acres of fuels reduction thinning along roads managed by Trinity County as well as Forest Service system roads and includes the commercial removal of approximately 2.3 million board feet of sawtimber. The Forest expects to collect approximately $357,073 in receipts from the sale, which will be used to treat activity-created fuels and fund future fuels reduction activities. In addition, under the contract, road maintenance activities will occur on existing roads used for hauling, to improve safety for ingress/egress and reduce erosion potential. Weather permitting, this sale is expected to be implemented by the timber sale contract termination date of February 1, 2026, when the 2026 seasonal restrictions for wildlife go into effect.

5. Long Canyon Timber Sale is a commercial timber sale awarded to Trinity River Lumber Company on November 7, 2025, that covers 206.2 acres of fuel reduction thinning along roads managed by Trinity County as well as Forest Service system roads, and includes the commercial removal of 1.6

1

million board feet of sawtimber. The Forest expects to collect approximately $235,097 in receipts from the sale, which will be used to treat activity-created fuels and fund future fuels reduction activities. In addition, under the contract, road maintenance activities will occur on existing roads used for hauling, to improve safety for ingress/egress and reduce erosion potential. Weather permitting, this sale is expected to be implemented by the timber sale contract termination date of January 31, 2026, before the 2026 seasonal restrictions for wildlife go into effect.

6. The Rainier Timber Sale and Long Canyon Timber Sale contracts were awarded prior to the filing of this litigation, and therefore a Pre-Award Waiver, Release and Limitation of Liability Agreement was not executed upon award of either sale. As a result, if the Forest Service is required to suspend the Rainier Timber Sale and Long Canyon Timber Sale contracts due to the issuance of a temporary restraining order or preliminary injunction, the agency would be liable to the purchaser for damages caused by the operations delay under the terms of the contract.

7. Under the timber sale contracts, the purchasers of Rainier Timber Sale and Long Canyon Timber Sale may be entitled to claim damages for delay or interruption of operations caused by the Forest Service. Contract damages sought by the purchasers under the Rainier Timber Sale and Long Canyon Timber Sale contracts may include rate redeterminations to account for any loss in market value during the period of suspension, reimbursement for the purchasers' out-of-pocket expenses such as move-in/move out costs, and temporary reductions of downpayments. The Forest Service may also incur additional costs and revenue losses, including the cost of performing reappraisals or any loss in revenue associated withrate redeterminations, and a permanent loss of value in the form of unrealized timber receipts for any material that has been cut, skid, and processed, but then required to be left onsite as a result of an ordered suspension.

8. While it is unknown at this time if the purchasers will claim move-in/move-out expenses under the Rainier Timber Sale and Long Canyon Timber Sale contracts, since both purchasers have already moved equipment into the sale area and begun operations, the Forest Service is likely to receive claims for damages, as well as incurring other losses as described above in the event that a temporary restraining order or preliminary injunction is issued. If a short-term interruption in operations results from a temporary restraining order (from two to four weeks), the Forest Service could be required to pay

2

or otherwise sustain losses and damages estimated at between $10,000 and $25,000 for each timber sale contract. This range includes the government's conservative estimate of a likely minimum claim for damages for each timber sale, should one be received, as actual out-of-pocket expenses claimed by the purchasers could be substantially more extensive, especially if they are required to move equipment around the sale area or have to move in and out multiple times. The Forest Service would also be required to grant contract term adjustments to account for performance time lost during a suspension, causing further delay in achieving much-needed fuels reduction in this critical area that has been identified as an emergency need for action.

9. Moreover, in the event of a contract suspension imposed by the Forest Service, the Rainier Timber Sale and Long Canyon Timber Sale purchasers would have the right, under the timber sale contracts, to unilaterally terminate the contracts, potentially further delaying operations and requiring the Forest Service to re-package and readvertise the timber sales to other prospective purchasers, resulting in additional cost to the agency. In addition to the costs associated with readvertising the sales, the Forest Service would still be liable to the current purchasers for reimbursement of out-of-pocket expenses, and, if a preliminary injunction were to issue which results in a suspension exceeding either six months of normal operating season (April 1 to November 30) time, or one calendar year from the date of the suspension order, the Forest Service may also be required to provide the purchasers replacement timber under the terms of their contracts, and/or liquidated damages (fixed at 15 percent of the estimated delivered log value of the volume of unharvested contract timber) if replacement timber cannot be found or its price agreed upon, or if the replacement timber volume is insufficient to cover the value of the timber provided under the contract. At current rates, 15% of the estimated delivered log value of the Rainier Timber Sale volume is approximately $243,890.18 and the Long Canyon Timber Sale volume is approximately $151,023.38. Thus, an extended delay as the result of a preliminary injunction could result in the Forest Service being responsible for a significant award of liquidated contract damages to either or both timber sale purchasers.

10. Harvesting and processing timber, road maintenance, and restoration activities all create jobs and income to the local communities as an associated benefit to improving safety and reducing wildfire risk. Delay in implementation of the timber contracts will result in a corresponding loss in jobs

and income to the community in addition to reducing the likelihood of accomplishing critical fuels reduction to lower the risk of loss to wildfires prior to the 2026 wildfire season.

11. The Forest Service is not a for-profit entity. Revenue is not a driving force behind either the Rainier Timber Sale and Long Canyon Timber Sale contracts, though any revenue received would be largely re-invested into lands managed by the Shasta-Trinity National Forest to meet the purpose and need of the larger North Trinity County Community Risk Reduction Project and carry out the mission of caring for the land and serving the people.

12. The statements in this declaration are based on my personal knowledge, and I could competently testify regarding them if called upon to do so.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this __3rd__ day of December, 2025, in the City of Mt. Shasta, Siskiyou County, California.

KORI KELLY
Digitally signed by KORI KELLY
Date: 2025.12.03 17:57:12 -08'00'

**KORI KELLY**
Timber Contracting Officer
Shasta-Trinity and Mendocino National Forests

4